**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

PRESTON LEE,

          Plaintiff - Appellant,

  v.

L3HARRIS TECHNOLOGIES, INC.; et al.,

          Defendants - Appellees.

No. 24-7295

D.C. No.
1:20-cv-00489-LEK-KJM

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Hawaii
Leslie E. Kobayashi, District Judge, Presiding

Submitted February 10, 2026[**]
Honolulu, Hawaii

Before: BYBEE, R. NELSON, and FORREST, Circuit Judges

    Appellant Preston Lee appeals the district court's order granting Appellee

L3Harris Technologies, Inc's motion for summary judgment. We have jurisdiction

under 28 U.S.C. § 1291. Although we review a grant of summary judgment de novo,

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

we review a district court's decision to apply the sham affidavit rule for abuse of discretion. *See Yeager v. Bowlin*, 693 F.3d 1076, 1079 (9th Cir. 2012). For the reasons discussed below, we affirm.

1. The district court did not abuse its discretion in applying the sham affidavit rule to portions of Appellant's sworn declaration in support of his opposition to summary judgment. "The general rule in the Ninth Circuit is that a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony." *Id.* at 1080 (citation omitted). Although the sham affidavit rule "should be applied with caution," and an apparent contradiction may be overcome by "newly-remembered facts, or new facts, accompanied by a reasonable explanation," *id.* at 1080–81 (citations omitted), Appellant has not even attempted to clear that low bar here.

The district court found that Appellant's assertion in his declaration that he was "ready and willing to return to work" at the time of his June 22, 2020 termination flatly contradicts two of his prior sworn statements: (1) his statement in his first Social Security Administration (SSA) disability benefits application that he was unable to work as of November 18, 2019, and (2) his identical statement made during his deposition. Appellant has provided—both before the district court and on appeal—various explanations for the apparent contradiction between the dates identified in his declaration and his first SSA application. But Appellant has never

provided any explanation for his clear and unambiguous *deposition* testimony, provided nearly four years after the first SSA application, that his PTSD "prohibit[ed] [him] from working, from November 18th, 2019, to present." Because Appellant has not attempted to provide a reasonable explanation for his contradictory deposition testimony, the district court did not abuse its discretion in finding "the portions of the Lee Declaration in which he states he was able to work after November 18, 2019 to be a sham" and in refusing to consider them. *See Yeager*, 693 F.3d at 1080.

2. After striking the relevant portions of Appellant's declaration as sham allegations, the district court properly granted summary judgment on Appellant's remaining discrimination claims. Under both the Americans with Disabilities Act (ADA) and Hawai'i law, to make out a prima facie case of discrimination, a plaintiff bears the burden of presenting evidence that he was a "qualified individual" at the time of his termination. *See Hutton v. Elf Atochem N. Am., Inc.*, 273 F.3d 884, 891–92 (9th Cir. 2001) (collecting cases); *French v. Haw. Pizza Hut, Inc.*, 99 P.3d 1046, 1051 (Haw. 2004) (same standard under Hawai'i law). A "qualified individual" is one who "with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8).

Without the benefit of his sham declaration, Appellant is left only with his sworn admission that he was unable to work at the time of his termination. The undisputed facts thus compel the conclusion that Appellant was not a qualified individual at the time he was fired. *Cf. Lawler v. Montblanc N. Am., LLC*, 704 F.3d 1235, 1243 (9th Cir. 2013) (summary judgment proper where plaintiff "admitted that her disability [made] it impossible for her to fulfill the duties of her position"). And because there are no remaining issues of material fact as to whether Appellant was a qualified individual at the time of his termination, summary judgment was proper. *See Kaplan v. City of N. Las Vegas*, 323 F.3d 1226, 1233 (9th Cir. 2003).

**AFFIRMED.**